IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORA CUNNINGHAM**                                                                                **PLAINTIFF**

v.                                                       **CIVIL ACTION NO.:** 4:19CV10-DMB-JMV

**EAST TALLAHATCHIE SCHOOL DISTRICT**                     **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Cora Cunningham, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Age Discrimination in Employment Act and Title VII, as amended, against Defendant East Tallahatchie School District. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff Cora Cunningham is an adult female resident of Grenada County, Mississippi.

2. Defendant East Tallahatchie School District is a political subdivision within the State of Mississippi and may be served with process through the Superintendent, Darron L. Edwards, at 411 East Chestnut Street, Charleston, MS 38921.

## JURISDICTION

3. This Court has federal question jurisdiction and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on October

8, 2018, a true and correct copy of which has been attached as Exhibit "A." The EEOC issued a Right to Sue on October 18, 2018, a true and correct copy of which has been attached as Exhibit "B."

## STATEMENT OF FACTS

5. Plaintiff, a fifty-eight-year-old female, was hired by Defendant in August 2017 as an inclusion teacher.

6. In June 2018, Plaintiff met with the new Superintendent, Darron Edwards, and expressed an interest in moving to an administrative position.

7. After meeting with Superintendent Edwards, Plaintiff applied for three positions within the East Tallahatchie School District.

8. Plaintiff applied for the Assistant Principal position at Charleston High School in July 2018. Despite Plaintiff's credentials and vast experience in her career field, she was not given the opportunity to interview for the position, nor was she in any way considered for the position.

9. Defendant hired Ranald Johnson, a significantly younger male with substantially less experience, to fill the Assistant Principal position at Charleston High School.

10. Plaintiff also applied for the Principal position at the East Tallahatchie Alternative School in or around July 2018.

11. Plaintiff interviewed for the Principal position at the Alternative School and was told that she was the number one candidate; however, Plaintiff was never offered the position.

12. The Principal position was offered to a younger male. The first individual who was offered the position declined the offer, and, instead of offering the position to Plaintiff, the position was offered to another young male, who also declined the offer.

13. To date, the Principal position at the Alternative School has not been filled, and Plaintiff has not been offered the position despite initially being told that she was a promising candidate for the position.

14. Plaintiff was offered a position as a High School Interventionist Coach, but, as the offer was a lateral move and not a promotion, Plaintiff declined the offer.

15. In October 2018, Catherine Barbara, Director of Curriculum, asked Plaintiff to apply for a special education (SPED) position.

16. Plaintiff had filed an Age Discrimination Charge with the EEOC against Defendant before she was asked to apply for the SPED position.

17. After Plaintiff applied for the SPED position, Catherine Barbara met with Superintendent Edwards to discuss hiring Plaintiff for the position. Superintendent Edwards stated, "Absolutely not. Not after she [Plaintiff] filed the EEOC complaint on me [Edwards]."

18. On January 7, 2019, Plaintiff attempted to resign from her position as an inclusion teacher in order to seek employment elsewhere, as she was continuously denied promotions, but Defendant refused to release her from her contract.

19. Defendant intentionally and consistently denied Plaintiff promotions based on her age, 58, and offered significantly younger individuals with substantially less experience administrative positions for which Plaintiff was more than qualified to fill.

20.     Defendant also denied Plaintiff the special education position in retaliation to Plaintiff filing an EEOC Charge.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE ADEA

21.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22.     Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40 and is more than qualified to fill an administrative position; however, Defendant has intentionally failed to offer Plaintiff any administrative position that she has applied and/or interviewed for and has, instead, offered the administrative positions to significantly younger and less qualified individuals.

23.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II: VIOLATION OF THE ADEA AND TITLE VII – RETALIATION

24.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25.     Defendant condoned and permitted unlawful retaliation against Plaintiff by denying Plaintiff a promotional position because she had previously filed and EEOC Charge against Defendant.

26.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

27. The acts of the Defendant constitute a willful intentional violation of the ADEA and Title VII and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorneys' fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 14th day of January 2019.

Respectfully submitted,

CORA CUNNINGHAM, PLAINTIFF

By: _____
LOUIS H. WATSON, JR. (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC

1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com