IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORA CUNNINGHAM**                                                                  **PLAINTIFF**

**V.**                                     **NO. 4:19-CV-10-DMB-JMV**

**EAST TALLAHATCHIE SCHOOL
DISTRICT**                                                         **DEFENDANT**

**ORDER**

After the East Tallahatchie School District declined to promote her, Cora Cunningham filed this lawsuit alleging age discrimination and retaliation. The School District moved for summary judgment on only the age discrimination claims. Doc. #31. For the reasons explained below, summary judgment will be denied.

**I
Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "There is no genuine issue for trial when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quotation marks omitted). All evidence is "viewed in the light most favorable to the non-moving party and all reasonable inferences drawn in its favor." *Id.*

**II
Relevant Facts & Procedural History**

Cora Cunningham began working for the East Tallahatchie School District as an inclusion

teacher[1] in the fall of 2017. Doc. #34-2 at PageID #188. Cunningham had over 23 years of experience in the education field, which included three years as an assistant principal in other school districts. Doc. #34-2 at PageID #188. She also had an administrator's license, and a Doctor of Education degree in Educational Leadership. *Id.*

### A. Assistant Principal Position

In July 2018, Cunningham applied for the assistant principal position at Charleston High School. Doc. #32-1 at PageID #112. There were five to ten applicants for the position. Doc. #32-8 at PageID #168. The School District's superintendent, Darron Edwards, delegated Mark Beechem, principal at the high school, to conduct the interviews. *Id.* at PageID ##163–64. Beechem interviewed between two to five applicants but chose not to interview Cunningham because of her performance in a past interview.[2] Doc. #32-4 at PageID ##145–47. Beechem had discretion to choose which applicants to interview, and Edwards did not find anything unusual about Beechem's decision not to interview Cunningham, especially because Beechem previously worked with Cunningham in the same school and had an opportunity to observe her. Doc. #32-8 at PageID ##167-68.

Beechem selected Ranald Johnson for the position because "he brought some things to the table that would be beneficial" to the high school and "would be a good fit for the system which [Beechem] was putting in place."[3] Doc. #32-4 at PageID #145. Johnson holds a specialist's degree

---

[1] According to Cunningham, an inclusion teacher goes into the classrooms and "assists all the children, but especially the ones that are in Special Education," including making sure that the children stay on task, ensuring they understand what they are working on, assisting with group work, and working one-on-one with students who may need help. Doc. #32-1 at PageID ##98–99.

[2] Beechem characterized the past interview as being one for an administrative position where he served on a panel. Doc. #32-4 at PageID ##146-47. Cunningham testified that she previously interviewed for an elementary school assistant principal position and was only interviewed for that position by one person, Ms. Miller. *See* Doc. #32-1 at PageID ##119–21.

[3] Neither party provided exactly what qualifications were required for the position but Edwards stated Johnson would not have been interviewed if he did not possess all the required qualifications. Doc. #32-8 at PageID ##166–67.

in educational leadership, which is "above a master's degree" but short of a Ph.D. Doc. #32-7 at PageID ##153–54. He also holds general education and business administration licenses from the State of Mississippi, and had previous education experience with the Yazoo Municipal School District, the Biloxi School District, and the Gulfport School District.[4] *Id.* at PageID #154, ##156–58. At the time Johnson was selected for the assistant principal position, Cunningham was fifty-seven years old and Johnson was approximately thirty-nine years old. Doc. #34-2 at PageID #188.

### B. Principal Position

Also in July 2018, Cunningham applied for the principal position at the East Tallahatchie Alternative School. *Id.* at PageID #189. According to Edwards, Marvell Hudson, the now-former director of the special education department, and Kathern Barber,[5] curriculum coordinator, conducted the interviews. Doc. #32-8 at PageID ##168–69. Cunningham was interviewed and told by Hudson that she was the top candidate. Doc. #34-2 at PageID #189. However, the position was offered to a male candidate who "was around the same age as" Johnson[6] but he declined the offer. *Id.* According to Edwards, neither Hudson nor Barber recommended Cunningham for the position. Doc. #32-8 at PageID #169. Ultimately, the School District decided not to fill the position because there was not a demand for the position and the duties were reassigned to the high school principal and assistant principal. *Id.* at PageID ##171–72.

At some point later, Edwards offered Cunningham another position, "which was only a lateral move as essentially another inclusion teacher." Doc. #34-2 at PageID #189. Cunningham

---

[4] Johnson had a total of six years of experience working in the Yazoo Municipal School District and the Biloxi School District but the record does not specify the length of his experience with the Gulfport School District. Doc. #34-4 at PageID ##206–10.

[5] Doc. #34-2 at PageID #189.

[6] Neither party identifies what qualifications were required for the position or how Cunningham's qualifications differed from those of the selected applicant.

3

declined this position. Doc. #32-6 at PageID #151.

### C. EEOC Charge

In October 2018, Cunningham filed an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against the School District. Doc. #32-5. A "Dismissal and Notice of Rights" letter was sent to her on October 18, 2018. Doc. #1-2. The letter stated that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes,"[7] and notified Cunningham she had ninety days to commence a lawsuit against the School District. *Id.*

### D. This Lawsuit

On January 14, 2019, Cunningham filed a complaint against the School District in the United States District Court for the Northern District of Mississippi. Doc. #1. Cunningham asserts two causes of action: (1) a claim under the Age Discrimination in Employment Act ("ADEA"), and (2) retaliation, based on the School District's failure to promote her following the filing of the EEOC charge. *Id.* at 4. The School District answered the complaint on February 15, 2019,[8] denying the allegations. Doc. #6. On November 18, 2019, the School District filed a motion for partial summary judgment seeking dismissal of only the ADEA claims.[9] Doc. #31.[10] The motion is fully briefed. Docs. ##34–36.

---

[7] The letter referenced "Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, [and] the Age Discrimination in Employment Act." Doc. #1-2.

[8] The School District received a requested extension to respond to the complaint. Doc. #5.

[9] The EEOC charge also states that in October 2018, Cunningham applied for, but did not receive, the position of Director of the Special Education Department. Doc. #32-6 at PageID #151. Cunningham's retaliation claim is based on a statement made by Edwards to Barber about not hiring Cunningham for the position because she filed an EEOC charge. Doc. #1 at 4; *see* Doc. #36-1 at PageID ##265–66. Consistent with the parties' arguments about Barber's credibility, the School District concedes that "there appears to be a factual dispute as to the validity of the plaintiff's contention." Doc. #32 at PageID #87.

[10] The School District attached its exhibits to its memorandum brief, Doc. #32, instead of its motion, Doc. #31, in violation of Local Civil Rule 7(b)(2)'s requirement that the evidence be filed as exhibits to the motion. The Court excuses this procedural failure in this instance but cautions the parties that a future failure to comply with the Local

4

### III
### Analysis

Cunningham bases her ADEA claims on the School District's "fail[ure] to offer [her] any administrative positions that she has applied and/or interviewed for," specifically, the assistant principal position at Charleston High School and the principal position at East Tallahatchie Alternative School. Doc. #1 at 2, 4. In its summary judgment motion, the School District argues that Cunningham cannot prove that age was the "but-for" cause of her being denied promotions. Doc. #31 at PageID #78.

The ADEA makes it unlawful for an employer "to fail or refuse to hire … any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff seeks to establish a claim under the ADEA with only circumstantial evidence, as Cunningham does here, the Court uses the *McDonnell Douglas* burden-shifting framework to assess the sufficiency of the evidence. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013).

"Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of age discrimination …." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). To establish a prima facie case in a failure-to-promote, age discrimination case, "[t]he employee must demonstrate that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired." *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 450 (5th Cir. 2019) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680–81 (5th Cir. 2001)). "If the plaintiff successfully makes out a prima facie case, the burden shifts to the

---

Rules may result in the denial of the relief sought. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion.").

employer to articulate a legitimate, nondiscriminatory reason" for the decision. *Goudeau*, 793 F.3d at 474. If the employer demonstrates a non-discriminatory reason, "the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). At the pretext stage of the analysis, the plaintiff must show that age was the "but-for" cause of the employer's adverse decision. *Goudeau*, 793 F.3d at 478.

### A. Assistant Principal Position

#### 1. Prima facie case

The School District does not challenge Cunningham's ability to establish a prima facie age discrimination case with respect to the assistant principal position. Doc. #32 at PageID #88. Thus, under *McDonnell Douglas*, the burden is on the School District to provide a non-discriminatory reason for its decision.

#### 2. Non-discriminatory reason

"[T]o meet its burden of production under *McDonnell Douglas*, an employer must articulate a nondiscriminatory reason *with 'sufficient clarity'* to afford the employee a realistic opportunity to show that the reason is pretextual." *Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004). To satisfy this burden, the defendant "must clearly set forth, through the introduction of admissible evidence, the reasons for the adverse employment action." *Heinsohn v. Carabin & Shaw P.C.*, 832 F.3d 224, 236 (5th Cir. 2016).

The School District argues that the decision not to offer Cunningham the position was not related to her age. Doc. #32 at PageID #88. It submits that the decision was based on Beechem's belief that Johnson would be a better fit and that, based on Beecham's previous interactions with

6

Cunningham, she lacked the desired capabilities for the position.[11]  *See id.* at PageID ##88–89; *see also* Doc. #32-4 at Page ID ##145–47.  The question then is whether the decision to hire Johnson because he was a "better fit"[12] than Cunningham and because Cunningham lacked certain nebulous "capabilities" is sufficient to satisfy the School District's burden.

"[J]ustifying an adverse employment decision by offering a content-less and nonspecific statement, such as that a candidate is not 'sufficiently suited' for the position, is not specific enough to meet a defendant employer's burden of production under *McDonnell Douglas*."  *Patrick*, 394 F.3d at 317.  The employer's subjective reason for not selecting an applicant may serve as a legitimate reason but the employer must "articulate[] a clear and reasonably specific basis for its subjective assessment."  *Alvarado v. Tex. Rangers*, 492 F.3d 605, 616 (5th Cir. 2007).

In *Patrick*, the Fifth Circuit held that an employer's subjective opinion that a candidate was not "sufficiently suited for the job" did not "necessarily qualify as a 'nondiscriminatory' reason" because the employer's opinion may have in fact been based on a protected trait.  *Patrick*, 394 F.3d at 317.  To satisfy its burden, "a defendant employer must articulate in some detail a more specific reason than its own vague and conclusional feeling about the employee."  *Id*.  While Beechem's subjective beliefs about Cunningham's fitness for the position may be true, they do not articulate a nondiscriminatory reason *with sufficient clarity* to afford Cunningham a realistic opportunity to show that the reason is pretextual.  Because the School District has not satisfied its burden, summary judgment will be denied with respect to the assistant principal position.

---

[11] In her response brief, Cunningham argues that the School District "cannot escape liability by merely saying Dr. Edwards merely relied upon Mr. Beecham's recommendation either, as it is clear Mr. Beecham's recommendation that was based on age discrimination would also subject Defendant to liability under the cat's paw theory of liability." Doc. #35 at PageID #253.  However, the School District did not raise this argument in its motion or its reply.

[12] In its reply brief, the School District argues that "Beechem saw day-in and day-out that [Cunningham] was not capable of filling such a critical role within the school district." Doc. #36 at PageID #258.  However, it does not cite any portion of the record, and Beechem's deposition only references the past interview with Cunningham and does not mention any observation beyond that interview.  Doc. #34-1.

7

### 3. Pretext

Even if the School District satisfied its burden by providing a legitimate, non-discriminatory reason for denying Cunningham the assistant principal position, the motion for summary judgment would still fail at the pretext stage.

At the summary judgment stage, the plaintiff need only provide sufficient evidence to create a genuine issue of material fact as to whether the given reasons are pretextual. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). A plaintiff can "show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Moss*, 610 F.3d at 922 (internal quotation marks omitted). One way to establish pretext is by "showing that the unsuccessful employee was clearly better qualified (as opposed to merely better or as qualified) than the employees who are selected." *Id.* (internal quotation marks omitted).

Cunningham points to her higher education and lengthier experience in education as evidence that she was more qualified than Johnson. For Cunningham to show that she was better qualified than Johnson, she must present evidence "from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id.* at 923 (internal quotation marks omitted). More years of experience do not automatically equal more qualified. *Id.* Thus, based simply on the evidence that Cunningham has more training and experience, the Court cannot determine that Cunningham was vastly better qualified. But this one component of the record does not conclude the analysis.

In *Stennett v. Tupelo Public School District*, the Fifth Circuit addressed a similar case where a former employee was not rehired by her former school district employer and brought age

8

discrimination claims against it. 619 F. App'x 310, 317 (5th Cir. 2015). The school district was not entitled to summary judgment where the plaintiff showed that she "possessed comparatively exemplary qualifications for the [position];" the employer failed to interview her for five of the seven positions to which she applied; the employer relied on subjective reasons, including that a selected assistant principal would complement the principal, for hiring other candidates for some of the positions; and the employer did not re-hire the three other oldest former employees. *Id.* at 318.

Cunningham presents similar arguments as those in *Stennett*. Cunningham has more education, education-related training, and experience than Johnson; she was not interviewed for the assistant principal position; and the reasons for hiring Johnson are subjective. Given the similarities to *Stennett*, Cunningham has provided enough evidence on which a rational jury could conclude, based on the whole record, that the School District's non-discriminatory reason is pretextual, rendering summary judgment improper. *See id.* at 323–24.

### B. Principal Position

#### 1. Prima facie case

The School District challenges Cunningham's ability to establish a prima facie case regarding the alternative school principal position because the position has been eliminated and the duties were split between other employees. Doc. #32 at PageID #91. Cunningham points to the fact that the position was offered to another candidate who rejected it as evidence that the position would not have been eliminated had he accepted it. Doc. #35 at PageID #253. While Cunningham does not offer any authority supporting her argument, the School District cites *Avena v. Texas Department of Human Services* to contradict Cunningham's argument. Doc. #36 at PageID #259.

9

In *Avena*, an employee alleged discrimination based on his employer's decision to offer a promotion to another individual. *Avena v. Tex. Dep't of Hum. Servs.*, 57 F. App'x 211, at *3 (5th Cir. 2003). After the selected applicant declined the position, the employer eliminated the position. *Id.* The Fifth Circuit held that the plaintiff could not establish the fourth element of a discrimination case based on the elimination of the position because he could not show that the position was filled by someone outside the protected class or that the employer continued to seek applicants with the plaintiff's qualifications after rejecting the plaintiff. *Id.* However, the Fifth Circuit did not consider whether the employer's initial decision to offer the position to another applicant was discriminatory because the claim was time-barred. *Id.* at 2–3.

Here, like the facts in *Avena*, the School District decided to eliminate the principal position after the selected applicant declined it. However, the *Avena* court did not address the ultimate question here—whether the offer of the position to a younger candidate is enough to establish the fourth element of a prima facie case. One articulation of the prima facie standard for discrimination suggests that an offer of employment is enough to satisfy the burden. *See Brackens v. Tex. Com. Bank*, 58 F.3d 637 (5th Cir. 1995) ("To prove a prima facie case of … discrimination, a plaintiff must show … 4) the employer *offered* the position to an individual not in the protected class.") (emphasis added). Because the School District does not dispute that the position was offered to a younger applicant, Cunningham has established a prima facie case of age discrimination.

### 2. Non-discriminatory reason and pretext

The School District argues that Cunningham "was actually interviewed for the position … and was not recommended for the job." Doc. #32 at #91. Assuming without deciding that the School District satisfied its burden of providing a non-discriminatory reason, Cunningham has

10

presented evidence to create a genuine issue of fact as to whether the reason is pretextual. While Edwards testified that Cunningham was not recommended for the position, Doc. #32-8 at PageID #169, Cunningham's affidavit indicates that Hudson, one of the two interviewers, told her that she was "the top candidate for the principal position," Doc. #34-2 at PageID #189. *See also* Doc. #32-1 at PageID #121. Given Hudson's belief that Cunningham was the top candidate for the position, the Court draws the reasonable inference that Cunningham was Hudson's recommendation for the principal vacancy. This inference creates a fact issue as to whether the proffered nondiscriminatory reason—that Cunningham was not recommended for the position—is false so as to render it pretextual. Thus, summary judgment is improper.

## IV
## Conclusion

The School District's motion for partial summary judgment [31] is **DENIED**.

**SO ORDERED**, this 4th day of August, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**